## STATE v. JOEL SALITERMAN.

150 N. W. (2d) 699.

May 12, 1967—No. 40,787.

*Fallon, Lewis & Wasserman* and *Herman Lewis,* for appellant.

*Keith Stidd,* City Attorney, and *Edward R. Kenneally,* Assistant City Attorney, for respondent.

Kilgore, 232 Minn. 347, 349, 45 N. W. (2d) 554, 555; Annotation, 91 A. L. R. (2d) 638.

PER CURIAM.

Defendant was convicted of breach of the peace after a trial by jury.

Prior to the trial of this case, a proceeding was brought to commit defendant as an insane person. At that hearing he was represented by counsel and expressed willingness to submit to questions by the medical members of the examining board and to give testimony in his own behalf. In order to protect defendant's rights, the assistant county attorney stipulated: "It may be understood and agreed that should the patient choose to give testimony and submit to cross examination in this hearing, he shall have immunity from such testimony being used, by way of impeachment or otherwise, in any criminal action against him now pending or in future." The court commissioner adjudicated defendant not to be mentally ill and he was thereafter tried as stated above.

It is now the claim of defendant that he was granted immunity from criminal prosecution and therefore could not be tried for any offense committed prior to his insanity hearing.

No testimony adduced at the insanity hearing was used in trial of the criminal case.

It is clear that under our statutes neither the court commissioner nor the county attorney can grant immunity. Minn. St. 609.09 provides for immunity in particular instances, but immunity must be granted by the court, not by a court commissioner or a county attorney.[1]

The court was clearly right in holding that no immunity from prosecution bars the trial of this case.

Affirmed.

---

[1] See, Advisory Committee Comment, 40 M. S. A. pp. 99 to 102.